BINGHAM, APPELLEE, *v.*
BINGHAM, APPELLANT.

(No. 82AP-981—Decided March 31, 1983.)

Thomas M. Tyack & Associates Co., L.P.A., and Mr. Thomas M. Tyack, for appellee.

Mr. Ronald R. Calhoun, for appellant.

NORRIS, J. Defendant-appellant, Alfred C. Bingham, appeals from an order of the trial court overruling his motion seeking an order "to reduce the previous alimony award granted to the plaintiff to zero."

The parties were divorced in 1974, following a twenty-seven-year marriage, and defendant was ordered to pay to plaintiff-appellee, Jean G. Bingham, the sum of $300 per month as sustenance alimony. At the time, defendant was earning $16,600 per year, and plaintiff $5,200 as a substitute teacher.

In late 1980, defendant filed a motion seeking an order terminating or reducing the order for sustenance alimony. In his report to the trial court, the referee who heard the motion in March 1981 found that defendant had remarried, and his wife was employed; that defendant had voluntarily retired in March 1980 at age fifty-nine, and received $863 per month in retirement benefits; that plaintiff had gone back to college and was now teaching full time, earning $13,400 per year; that she had invested her portion of the division of marital property and had been able to save some of her earnings; that she received $3,000 to $4,000 per year in dividends and interest, and $100 per month from her son as rent; that she was fifty-nine years of age and if able to teach until sixty-six years of age would be entitled to retirement benefits of approximately $300 per month; but that due to health problems she might not be able to teach that long. From those facts the referee concluded that there had been a substantial change in the circumstances of the parties; that plaintiff was now able to meet her basic needs; that a question remained concerning her ability to support herself when no longer able to work; and that the change in circumstances warranted a present reduction in sustenance alimony from $300 per month to $150.

The trial court sustained defendant's objections to that report and terminated the order for sustenance alimony. Upon plaintiff's appeal, we reversed that decision, applying App. R. 18(C), in the absence of a brief from defendant. On remand, the trial court entered this order, dated November 24, 1981:

"The Court therefore ORDERS that the three hundred dollars ($300.00) per month sustenance alimony award to plaintiff be continued without interruption, and that defendant's motion to reduce or terminate the same be overruled."

On June 8, 1982, defendant filed the motion which resulted in the order appealed from.

The motion was heard by a referee who found that since the March 1981 hearing, defendant had voluntarily transferred to his wife real property purchased with his share of the division of marital assets; that plaintiff was now earning $17,000 per year; that she had purchased with her savings an annuity which she could not draw for six years; that her health problems continued; that her living expenses had increased and she no longer received rental payments from her son; and that the defendant had failed to establish a change in circumstances since the former motion was overruled. The trial court adopted the referee's report.

Defendant raises three assignments of error:

"1.  The Court erred when it failed to find there was a change of circumstances.

"2.  The Court committed an error of omission when it failed to find the wife does not need any money from her ex-husband for support.

"3.  The Court erred when it failed to terminate the wife's alimony."

Because the assignments of error are interrelated, we will discuss them together.

Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether the order *can* be modified, which requires a finding of a change in circumstances since the order was entered. The change in circumstances must be substantial[1] and must be such as was not contemplated at the time of the prior order. *Conners* v. *Conners* (Sept. 27, 1979), Franklin App. No. 79AP-284, unreported; *Moore* v. *Moore* (June 19, 1979), Franklin App. No. 78AP-755, unreported.

Only if this necessary prerequisite has been satisfied, may the trial court move on to a consideration of whether or not the existing order *should* be modified. This latter inquiry involves a re-examination of the existing order in the light of the changed circumstances, and requires a two-step determination: First, is sustenance alimony still necessary? And, if so, what amount is reasonable? R.C. 3105.18. In addressing the question of whether the existing order should be modified, the trial court's discretion is guided and limited by consideration of all relevant factors including those listed in R.C. 3105.18(B).

Unfortunately, the posture of this appeal is complicated by defendant's failure to file a brief when this case was before us earlier, resulting in our reversal, pursuant to App. R. 18(C), of the trial court's previous order terminating sustenance alimony. In our decision we noted that our reversal was based upon that rule and our acceptance as correct of the statement of facts and issues found in plaintiff's brief, resulting in our conclusion that the trial court had abused its discretion in terminating the alimony order.

The effect of the trial court's order upon remand, which overruled the original motion for modification, was to reinstate the original order for sustenance alimony.

When defendant's later motion for reduction of the sustenance alimony order was heard by the referee, she based her finding of no substantial change in circumstances upon events which had transpired since the hearing on the prior motion, and the trial court adopted that reasoning. In doing so, the trial court clearly abused its discretion since the only order for sustenance alimony was the one entered in 1974, and any inquiry concerning a change in circumstances was to commence from the time of that order. Viewed in that context, it is inconceivable that a substantial change in circumstances has not occurred in the intervening eight years, if only in view of the plaintiff's earnings having more than tripled.

Accordingly, the trial court should have proceeded to consider whether some sustenance alimony was still necessary and, if it found that it was, to consider the amount now reasonable in view of the change in circumstances and all relevant factors. In the interest of judicial economy, we observe that our review of the record indicates that termination of the order (which might have the effect of precluding a future modification) probably would not be warranted, while a reduction might be, when the relevant factors listed in R.C. 3105.18(B)(1), (2), (3), and (7) are taken into consideration. We also note that the term "earning abilities" found in R.C. 3105.18(B)(1) refers not to actual earnings or employment, but rather to one's capacity to earn. See *Haninger* v. *Haninger* (1982), 8 Ohio App. 3d 286.

To the extent discussed above, the

---

[1] The Supreme Court has characterized the change as one in which the economic situation of either or both of the parties has drastically changed. *Wolfe* v. *Wolfe* (1976), 46 Ohio St.2d 399, at 419 [75 O.O.2d 474].

first assignment of error is sustained, the second and third assignments of error are overruled, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.