NELSON, Appellant,

v.

TUBBS JONES, Pros. Atty., Appellee.

[Cite as *Nelson v. Tubbs Jones* (1995), 104 Ohio App.3d 823.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67957.

Decided Aug. 7, 1995.

*Carl A. Nelson, Sr., pro se.*

*Carol Shockley,* Cuyahoga County Assistant Prosecuting Attorney, for appellee.

---

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Carl A. Nelson, Sr., appeals from the trial court granting a motion to dismiss filed by defendants-appellees Stephanie Tubbs Jones (in her official capacity of Cuyahoga County Prosecuting Attorney) and Gerald Fuerst (in his official capacity of Cuyahoga County Clerk of Courts) in this declaratory judgment action. For the reasons adduced below, we reverse the judgment and remand the matter for further proceedings.

A review of the record on appeal indicates that Nelson's complaint, filed on May 31, 1994, sought access to allegedly public records in the possession of the defendants pursuant to R.C. 149.43, Ohio's Public Records Act, which Nelson claimed to need in order to pursue postconviction relief from his 1987 conviction of one count of kidnapping and four counts of rape involving a fourteen-year-old girl. See *State v. Nelson* (Mar. 16, 1989), Cuyahoga App. No. 54791, unreported, 1989 WL 24924 (this court's affirmance of Nelson's 1987 conviction).

Prior to filing their answer to the complaint, the defendants filed on August 17, 1994, a motion captioned "Defendants' Motion to Dismiss Complaint for Declaratory Judgment or, in the alternative, Motion for Summary Judgment." The motion to dismiss was based on Civ.R. 12(B)(6) for failing to state a claim for which declaratory judgment is available on the basis of *res judicata.* The remainder of the joint motion, the summary judgment portion, was likewise argued on the basis of *res judicata* acting as a bar to plaintiff's claims.

On September 2, 1994, plaintiff filed a brief in opposition to the motion to dismiss.[1]

On that same date, September 2, 1994, the trial court journalized a status form order containing the following language:

"[Defendant] *motion to dismiss granted.* The issues raised by [Plaintiff] are *res judicata.* [Explanation added in lieu of cryptic legal symbols for the parties, to wit, the Greek letters pi for plaintiff and delta for defendant.]" (Emphasis added.)

---

1. This brief in opposition to dismissal, although listed in the court journal as having been filed, is not contained in the record on appeal.

This timely notice of appeal followed. The three assignments of error will be discussed jointly.

## I

"By treating defendants-appellees' motion to dismiss as a responsive pleading when the defense of *res judicata* was improperly raised in a Civ.R. 12(B)(6) motion, the trial court committed prejudicial reversible error and added to that error by also failing to exclude matters outside the pleadings prior to considering the motion to dismiss, thereby violating plaintiff-appellant's due process rights."

## II

"The trial court committed prejudicial reversible error when disposing of the case without prejudice and relying upon the doctrine of *res judicata*, Article I, Section 16 of the Ohio Constitution and the 14th Amendment of the Federal Constitution."

## III

"Plaintiff-appellant was denied substantive and procedural due process by being denied his day in court when the trial court refused to declare his rights when a justiciable controversy exists and appellant met statutory and jurisdictional requirements for a declaratory judgment to be rendered, Article I, Section 16 of the Ohio Constitution, 1st and 14th Amendments of the Federal Constitution and R.C. 2721.01, *et seq.*"

It is clear from the language of the trial court's final order that it granted a motion to dismiss based upon the doctrine of *res judicata*, and failed to mention a ruling on the alternative motion for summary judgment. Accordingly, the appropriate standard of review will be from a motion to dismiss pursuant to Civ.R. 12(B)(6).

In addressing the use of *res judicata* as a basis for the motion to dismiss, we note that Civ.R. 8(C) designates *res judicata* as an affirmative defense. Further, Civ.R. 12(B) lists those defenses which may be raised by motion and this procedural rule does not mention *res judicata*. Thus, the affirmative defense of *res judicata* must be raised in a responsive pleading; otherwise it is waived. See *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703–704; *McClain v. Noah* (Mar. 6, 1995), Cuyahoga App. No. 67841, unreported, at 3, 1995 WL 79593. In the case *sub judice*, there was no responsive pleading filed by the defendants to the complaint. On this basis, the affirmative defense of *res judicata* may not be raised in a motion to dismiss and may not be used therein as a basis for dismissal. *Id.;* see, also,

*Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42, 572 N.E.2d 867. Rather, the motion to dismiss having contained materials and evidence outside the pleading, the matter should have been converted to, and ruled on as, a motion for summary judgment, which was not done in the present case. *Nelson v. Pleasant, supra.*

The assignments of error are sustained. The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

PATTON, C.J., and O'DONNELL, J., concur.