Appellant Roman A. Gessler appeals from a judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, rejecting a motion for termination or modification of his spousal support obligation.
Mr. Gessler advances two assignments of error. First, he contends the trial court erred by failing to hold an evidentiary hearing after we reversed the court's prior ruling on his motion and remanded the matter for further consideration. Second, Mr. Gessler claims the trial court erred by refusing to terminate or modify his support obligation despite finding a substantial change in his circumstances.
The present appeal stems from the trial court's reconsideration of Mr. Gessler's motion as ordered in Gessler v.Gessler (May 16, 1997), Montgomery App. No. 16220, unreported. In that ruling, we held that the trial court erred by considering the parties' circumstances from the date of a prior unsuccessful modification hearing to the date of Mr. Gessler's most recent motion. Rather, we noted that the trial court should have considered the parties' circumstances from the date of the existing support order to the date of Gessler's most recent motion, stating:
 "* * * [T]he trial court refused to consider all changes in the parties' circumstances from the date of the existing support order, which took effect with the parties' 1986 divorce, to the date of the review hearing. Instead, the trial court looked for a change in the parties' circumstances from the date of Mr. Gessler's earlier failed motion for modification to the date of the review hearing. As [Bingham v. Bingham
(1983), 9 Ohio App.3d 191] explained, however, `it is an abuse of discretion for the trial court to confine its inquiry to events which have transpired since an intervening hearing conducted on a party's unsuccessful attempt to modify sustenance alimony.'"
Gessler v. Gessler (May 16, 1997), Montgomery App. No. 16220, unreported.
Consequently, we reversed the trial court's judgment and remanded the cause, directing the court to consider the parties' circumstances from the date of the 1986 support order to the date of the court's most recent review hearing. Upon remand, the trial court filed a May 28, 1997, decision and judgment entry once again rejecting Mr. Gessler's request for termination or reduction of his spousal support obligation. In its ruling, the trial court found a substantial change in Mr. Gessler's circumstances since the 1986 support order. Nevertheless, the court found spousal support still necessary and found Mr. Gessler able to pay. Mr. Gessler subsequently filed a timely notice of appeal from the trial court's ruling. He raises the following two assignments of error:
 I. "The trial court abused its discretion on remand from this court's previous decision when it determined that appellant's substantial change in circumstances did not justify a modification of his spousal support obligation without holding an evidentiary hearing on the issues."
In this assignment of error, Mr. Gessler contends the trial court erred by denying termination or modification of his support obligation without first holding an evidentiary hearing. Although he acknowledges that our prior ruling did not explicitly instruct the trial court to hold a hearing, Mr. Gessler claims our opinion implied the need for another evidentiary hearing.
We disagree. In our May 16, 1997, opinion remanding this cause, we simply instructed the trial court to consider the parties' circumstances from May 12, 1986, the date of the existing support order, to October 27, 1995, the date of the court's most recent review hearing. We find nothing in our opinion implying the need for an additional evidentiary hearing, and no such implication was intended. Indeed, the record before the trial court already included substantial evidence concerning the parties' changing circumstances in the years following their divorce. The only error in the trial court's prior ruling was its failure to consider portions of this evidence. The trial court's May 28, 1997, decision and judgment entry, however, reflects proper consideration of the parties' circumstances and complies with our remand instruction. Finding no need for the trial court to have conducted an additional evidentiary hearing, and finding nothing in our May 16, 1997, opinion requiring one, we overrule Mr. Gessler's first assignment of error.
 II. "The trial court abused its discretion in determining that appellant's substantial change in circumstances d[id] not justify a modification or termination of appellant's spousal support obligation."
In his second assignment of error, Mr. Gessler contends the trial court erred by refusing to terminate or reduce his spousal support obligation despite finding a substantial change in his circumstances.
In its May 28, 1997, ruling following our remand, the trial court first determined that Mr. Gessler's circumstances had changed since the 1986 spousal support order. Specifically, the court noted that Mr. Gessler's income increased dramatically in the years following the parties' divorce, from $62,000 per year to more than $200,000 per year, and that he accumulated substantial assets. The court also found that Ms. Gessler's income rose from nothing to $7,500. Additionally, the court determined that Mr. Gessler's income recently dropped to approximately $3,000 per year after he lost a lucrative job with Reynolds Reynolds and began a new career in real estate. The court then noted that Ms. Gessler's income recently increased to $14,500, although the increase probably is temporary. After noting these facts, the trial court reasoned:
 "As the appellate decision herein points out, the court in determining a spousal support modification request must determine, first, whether a change in circumstances exists, and second, whether spousal support is still necessary and if so in what amount, applying the factors of R.C. 3015.18(C). The court finds that a change of circumstances does exist since the decree was entered in 1986. However, the court, applying the factors of R.C. 3105.18(C), also finds that spousal support is still necessary. Defendant's assets and income after taxes — even if it continues at its present rate — will not support her very modest lifestyle without assistance. As the court of appeals found, defendant does not possess the resources, ability, and potential to be self-supporting. As the court of appeals further found, defendant is of relatively advanced age, not possessed of advanced education, and never worked full time during the parties' marriage. As the court of appeals further found, defendant lacks savings or other resources and suffers from medical problems that prevent her from acquiring the ability to become self-supporting. On the other hand, plaintiff's current assets and income after taxes support both himself and his new wife in a lifestyle twice what defendant can afford."
 "The court is not limited to a mere comparison of incomes when determining spousal support issues. It must consider all of the statutory factors for spousal support determination. Those factors include the relative earning capacity of each party, the relative assets of each party, the relative retirement benefits of each party, and the ages, education, and health of each party. All of these factors favor plaintiff and argue against reduction of spousal support. Arguing to the contrary is the factor of current income; plaintiff's has been reduced to minimal levels, at least temporarily, and defendant's income has been established at just poverty level, at least temporarily.
 "Applying all of these considerations to the period from 1986 to 1995 as the appellate court requires, leads the court to the conclusion that defendant is still in need of spousal support at the level of $1,000 per month, and that plaintiff is at this time still possessed of the ability to meet that need."
In his brief to this court, Mr. Gessler argues that the trial court abused its discretion by finding full spousal support still appropriate. Specifically, he contends the trial court improperly found that he has the ability to pay spousal support despite his near-total loss of employment income and his inability to reach his pension until 2002.
After reviewing the record, however, we cannot say the trial court's judgment constitutes an abuse of discretion. After making a threshold determination that the parties' circumstances had changed substantially, the trial court properly considered Ms. Gessler's need for support and Mr. Gessler's ability to pay support under the statutory factors set forth in R.C. 3105.18(C). Furthermore, the record contains evidence supporting the trial court's conclusion that Mr. Gessler, despite his reduced employment income, remains able to pay spousal support.
In its prior ruling, the trial court recognized Mr. Gessler's one-half interest in a Paris, France, apartment. The record contains testimony that the apartment, which is rented to a foreign diplomat, was purchased for approximately $492,000 and in 1995 was subject to a mortgage of approximately $150,000. See April 13, 1995, hearing transcript at 52, 55. Additionally, the record contains evidence that Mr. Gessler holds a 401(k) account through Reynolds Reynolds with a value of $127,923.54. He became eligible to receive distributions from the account on August 6, 1996, without incurring a penalty. See Defendant's Exhibit E accompanying the April 13, 1995, hearing transcript. Furthermore, although not currently available, we do note that Mr. Gessler has a vested pension benefit of $1,236.74 per month. He is eligible for benefit commencement on March 1, 2002. Id. While not an exhaustive list of Mr. Gessler's assets, the foregoing examples lend support to the trial court's conclusion that he remains able to pay spousal support despite his reduced employment income. Admittedly, Mr. Gessler acquired his six-figure income and nearly all of his assets following the parties' lengthy marriage. As we noted in our prior ruling, however, the trial court remained free to consider the assets when deciding whether to modify spousal support.
Finding no abuse of discretion in the trial court's ruling, we overrule Mr. Gessler's second assignment of error and affirm the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division.
Judgment affirmed.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
L. Anthony Lush
James R. Kirkland
Hon. V. Michael Brigner