OPINION
This appeal is taken by Defendant-Appellant Harry C. Trotter from the judgment entered by the Court of Common Pleas of Allen County denying his motion to modify the spousal support previously awarded Plaintiff-Appellee Sharon Marie Trotter.
On June 28, 1965 Sharon Trotter, Plaintiff-Appellee, and Harry Trotter, Defendant-Appellant, were married. During the marriage two children were born as issue and are presently emancipated. During the marriage Harry was employed by Ford Motor Company. He worked seven days a week and received an annual salary of approximately $90,000. Sharon spent most of the marriage raising their two children and rarely worked outside the home and presently has been diagnosed with a physical condition that does not allow her to work more than three hours a day three days a week.
After 32 years of marriage the parties were divorced on August 13, 1997. The trial court awarded the marital home coupled with the outstanding mortgages to Sharon. To offset the equity in the home that had been granted to Sharon, the trial court ordered Sharon to pay Harry $222.05 per month for ten years. In addition, the trial court found that Harry's pension plan was to be divided equally between Sharon and Harry. Such award was defined and documented by a Qualified Domestic Relations Order or QDRO. Finally, the trial court ordered that Harry pay spousal support to Sharon in the amount of $460.00 per week for a term of eight years.
More than one year after the divorce, Harry retired from Ford Motor Company after serving the company for at least thirty years. After retiring Harry moved to Bradenton, Florida, where he currently lives. While in Florida Harry works at "Taylor Made", a company that manufactures boat windows and doors. His salary is approximately $8.00 per hour. The record does not accurately reflect the amount of time per week that Harry works however, it seems to indicate that he does not work full-time.
After retiring, Harry failed to make any spousal support payments. After several months, the support was deducted from his portion of the monthly pension payments. The spousal support was roughly equal to the amount of money that Harry received from his pension every month and thus Harry failed to receive any more pension checks.
After the divorce, Sharon assumed all of the mortgages on the marital home pursuant to order of the court. Sharon proceeded to consolidate the outstanding debt on the marital home. When Harry began to miss his spousal support payments Sharon, unable to work due to her physical incapacity, was unable to maintain the mortgage, so she sold the home and moved into a trailer.
Sharon has since satisfied all of her remaining marital debt. She receives the entire pension payment from Ford Motor Company every month. Other than rent, medical expenses and ordinary living expenses, Sharon has no outstanding debt. Further, the record indicates that Sharon has consistently failed to make the monthly payment of $222.05 to Harry since the divorce.[1] Sharon insists that she is unable to afford the payment.
When Harry failed to receive his pension checks he filed a motion in the Court of Common Pleas of Allen County to modify his spousal support obligation. After a hearing, the Magistrate issued its decision denying Harry's motion for modification of spousal support. The entry is in part:
 The magistrate specifically finds that the change in circumstances was voluntarily brought about by Defendant Harry Trotter. Further, the possibility of his retirement was contemplated at the time of the final divorce hearing herein. Though it can be understood at age fifty-five that Harry would no longer desire to work ten hours a day, seven days a week, he could have reduced his numbers of hours of employment. Even though he wished to enjoy life at a more relaxed pace, he still had a legal obligation to pay his debts. Further age fifty-five is a very young age to contemplate retirement. If everyone in this country chose to retire after thirty years, we would have a large number of people retiring at age forty-eight if they maintained the same job after graduation from high school.
Harry filed objections to the Magistrate's decision. On October 27, 2000, the trial court affirmed the Magistrate's decision. The judgment entry is in pertinent part:
 Mr. Trotter left his employment at Ford Motor Company where he was earning $92,000.00 a year to take a job working half the amount of hours at about one-third of the amount of hourly pay and still punching the clock but in a warmer climate where he could fish more.
 This court must find under these circumstances that Mr. Trotter's retirement was in a substantial portion performed to defeat the spousal child obligation that he had to his wife and the benefits of warm weather and fishing are ancillary benefits to his true intent in this case.
 Mr. Trotter's unilateral actions with full knowledge of his existing spousal support responsibility and without demonstrating any factors must be deemed voluntary under the circumstances.
On appeal from that judgment entry Harry presents the following sole assignment of error:
 The trial court erred in denying the motion to modify spousal support where substantial change of circumstances existed and there was no evidence of improper purpose.
A trial court is generally afforded wide latitude in deciding spousal support issues. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120; Cherryv. Cherry (1981), 66 Ohio St.2d 348. Where modification of a spousal support award is requested, the threshold question is whether the trial court retained jurisdiction to modify the provisions of its order and whether the circumstances of a party have changed. Wolding v. Wolding
(1992), 82 Ohio App.3d 235, 239 (reversed on other grounds). In the present case, the trial court specifically retained jurisdiction to modify the provisions of the decree.
R.C. 3105.18(E) states that the court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to "* * * any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." See R.C.3105.18(F). To warrant a modification, "the change must be one that is substantial and not contemplated at the time of the prior order."Tremaine v. Tremaine (1996), 111 Ohio App.3d 703.
An appellate court reviews the modification of spousal support under an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Absent such a showing, the trial court's judgment will be affirmed. Masters v. Masters (1994), 69 Ohio St.3d 83. When applying the abuse of discretion standard of review, an appellate court is not permitted to substitute its judgment for that of the trial court. Inre Jane Doe 1 (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
As stated, in order to obtain a modification of spousal support, Harry must show a substantial change in circumstances. The facts presented above leave no doubt that Harry has experienced a change in circumstances since the final decree of divorce was rendered. Harry has seen a decrease in his income from $92,000 per year to approximately $20,000 annually.[2] However, in order to justify modification of the spousal support award, this decrease or change in Harry's income "must" not have been "voluntary". Melhorn v. Melhorn (January 30, 1990) Montgomery App. No. 11139, unreported, citing Nash v. Nash (1945), 77 Ohio App. 155.
In determining whether or not retirement is a "voluntary" or involuntary action justifying a reduction or modification of spousal support the Appellate Courts of Ohio have held that "[a] change in income due to retirement reasonably in advance of the expected date of retirement does provide a basis for modification of alimony if it was not done in an attempt to avoid a court ordered obligation to an ex-spouse."Melhorn at *2; See generally Reed v. Reed (Feb. 16, 2001) Greene App. No. 2000CA81, unreported; Kozlevchar v. Kozlevchar (May 18, 2000) Cuyahoga App. No. 76065, unreported; Rochow v. Rochow (May 4, 1999) Mahoning App. No. 97 CA 103; Wolf v. Wolf (March 12, 1999), Greene App. No. 98-CA-131, unreported.
The record before this court does not contain any evidence supporting the determination made by the magistrate or the trial court, "that Mr. Trotter's retirement was in a substantial portion performed to defeat the spousal child (sic) obligation that he had to his wife." Quite the contrary, the only evidence presented by Harry or Sharon seemed to indicate that both parties and the trial court were aware at the time of the divorce that Harry intended to retire after thirty years of service for Ford Motor Company. Further, testimony by Harry and Sharon establishes that when married the Trotters often discussed Harry's retirement after thirty years of service at Ford Motor Company and moving to Florida to live the remainder of their lives.
The magistrate and the trial court fail to cite any support for their conclusion that Harry purposely retired to avoid paying spousal support. Such a conclusion is arbitrary, unreasonable and not supported by the record before this court. As stated the evidence presented at trial supports only one conclusion, that Harry had intended to retire after thirty years of service to Ford Motor Company and move to Florida throughout most of his marriage. Moreover, the trial court at the time of the divorce was aware of this factor when it ordered the spousal support. Therefore, we find that Harry's retirement from Ford Motor Company after thirty years of service was not done to purposely avoid his continuing spousal support obligation to Sharon, and thus was not a "voluntary" decrease in his income but rather a substantial change in circumstances.
If a change of circumstances is found to exist, the trial court must determine whether spousal support is still necessary and, if so, in what amount. Binghazn v. Binghazn (1991), 9 Ohio App.3d 191, 459 N.E.2d 231. The domestic relations court should set forth the basis for its decision with sufficient detail to allow proper appellate review. Graham v.Graham (1994), 98 Ohio App.3d 393, 399-400.
Because the trial court failed to find a change of circumstances it did not order or consider the necessity of a modification of spousal support. Further, the record does not contain sufficient evidence of the parties' obligations and incomes to allow for further appellate review.
The judgment of the Court of Common Pleas of Allen County is reversed and remanded for further proceedings in accordance with this opinion.
 __________________ BRYANT, J.
SHAW and HADLEY, JJ., concur.
[1] The record does not contain sufficient information concerning Sharon's monthly obligation to Harry. There is some testimony that Sharon may have made a few payments and that Harry may have excused some but there is no documentation of any actual payment.
[2] The $20,000 figure was arrived at by adding his annual pension benefits to a yearly salary of $8,000. As stated it is an approximate figure. The record insufficiently represents the incomes and relative debts of Harry as well as Sharon.