JOURNAL ENTRY and OPINION
Appellant William Asad appeals from the trial court's journal entry denying his motion to modify spousal support to appellee Janice Asad. William assigns the following as errors for our review:
 I. THE TRIAL COURT LACKED JURISDICTION TO ASSIGN APPELLANT-DEFENDANT $14,000.00 OF ARREARAGES STEMMING FROM THE JUDGMENT ENTRY OF DIVORCE IN THAT APPELLEE-PLAINTIFF AND APPELLANT-DEFENDANT BOTH FILED FOR AND RECEIVED DISCHARGE OF THEIR OBLIGATIONS AS THEY RELATED TO THE $14,000.00 DEBT; THAT THE TRIAL COURT DOES NOT HAVE JURISDICTION TO ORDER THE SAME; AND SUCH ORDER VIOLATES PUBLIC POLICY BECAUSE APPELLEE-PLAINTIFF DOES NOT OWE SAID MONEY TO HER FORMER COUNSEL AND SAID ORDER REPRESENTS A WINDFALL TO HER.
 II. THE TRIAL COURT'S DECISION OF JANUARY 5, 2000 AND JUDGMENT ENTRY DATED JUNE 29, 2000 WHICH FINDS APPELLANT-DEFENDANT IN ARREARS OF HIS SPOUSAL SUPPORT OBLIGATION IN THE AMOUNT OF $22,740.85 VIOLATES THE DOCTRINE OF RES JUDICATA AND COLLATERAL ESTOPPEL IN THAT TWO PRIOR JUDGMENT ENTRIES CALCULATED THE TOTAL ARREARAGES OF SPOUSAL SUPPORT.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IS [SIC] NOT GRANTING APPELLANT-DEFENDANT'S MOTION FOR TERMINATION AND/OR REDUCTION OF SPOUSAL SUPPORT, BECAUSE THE COSTS ASSOCIATE [SIC] WITH HIS NEW SON, BORN SUBSEQUENT TO THE PARTIES' DIVORCE WITH CEREBRAL PALSY, MANDATES A REDUCTION IN HIS SPOUSAL SUPPORT OBLIGATION.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
William and Janice were divorced on December 11, 1995. According to their divorce decree, William was required to pay varying levels of spousal support to Janice. The support order included $24,000 for Janice's attorney fees. William satisfied $10,000 of this order by transferring interest in the marital home to Janice.
In June 1996, William filed for bankruptcy protection. Within his petition, William sought relief from the $24,000. Janice did not challenge William's filing, and the bankruptcy court granted William's bankruptcy including relief from this $24,000.
In 1998, Janice also filed for bankruptcy. The bankruptcy court granted her relief including the balance of unpaid attorney fees.
On March 20, 1998, William filed a motion for modification of spousal support. William had remarried and fathered a son who was born with Cerebral Palsy. William argued the substantial expenses relating to his son's care would not permit him to meet his support obligation. The assigned magistrate conducted a hearing and found that circumstances had not so changed since the time of divorce to warrant a modification. The magistrate also found that William was in arrears $14,000 having yet to satisfy the trial court's order to pay Janice's attorney fees. The trial court adopted the magistrate's findings in full and ordered support payments to continue as originally scheduled and William pay the arrearage.
This appeal followed.
We first consider William's second assigned error as it presents a threshold question. In his second assigned error, William asserts the trial court's decision finding him in arrears in the amount of $22,740.85 violated the doctrines of res judicata and collateral estoppel. We disagree.
Under the doctrine of res judicata, a plaintiff cannot maintain a subsequent lawsuit against a defendant based upon the same cause of action determined by the original judgment.[1] Collateral estoppel, also known as issue preclusion, applies where (1) the issue at stake is identical to the one alleged in the prior litigation, (2) the issue must have been actually litigated in the prior litigation, and (3) the determination of the issue if the prior litigation must have been a critical and necessary part of the judgment in that earlier action.[2]
Both res judicata and collateral estoppel are affirmative defenses which must be timely raised at trial.[3] Failure to raise res judicata constitutes a waiver of that defense.[4] Here, we see no indication in the record that William asserted these defenses prior to appeal. Further, William has failed to offer any evidence that he raised these defenses at trial. Therefore, we conclude William waived the defenses of res judicata and collateral estoppel and is precluded from raising them here. Accordingly, William's second assigned error is without merit.
Having so resolved William's second assigned error, we now proceed to his first assigned error in which William argues the trial court lacked jurisdiction to order him to pay Janice the $14,000 ordered under the original divorce decree as spousal support for her attorney fees. We disagree.
First, we are concerned with whether William's bankruptcy relieved him of this debt. Section 523(a)(5), Title 11, U.S. Code provides:
 (a) A discharge under section 727 * * * of this title does not discharge an individual debtor from any debt * * * (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that * * * (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support * * *.
Therefore, whether William is still obligated to Janice depends upon whether the $14,000 for attorney fees represented alimony, maintenance or support.
Whether a debt is in the nature of support turns to the following factors:
(1) The debt must have been intended for support,
 (2) the debt must have the effect of providing support necessary to take care of the former spouse's daily needs, and
 (3) the court must consider whether assumption of the amount of money at issue is manifestly unreasonable under traditional concepts of support.[5]
Here, the $14,000 ordered paid in the divorce decree satisfies this standard. The trial court stated in its journal entry, [William] shall pay the balance by additional spousal support of $300 per month until paid in full by wage order. This entry clearly indicates the payment of attorney fees was intended as additional spousal support. Further, the arrangement to pay such support over several years indicates the payment is intended to provide for Janice's day-to-day expenses. Finally, the amount was not manifestly unreasonable under tradition concepts of support. Because the order for attorney fees was in the nature of alimony, the order for payment of attorney fees was not dischargeable in bankruptcy.
In connection with his argument that his bankruptcy discharged his obligation to Janice, William asserts that Janice's failure to challenge his filing for relief from that debt results in an automatic discharge of the debt.
In Toth v. Toth,[6] this court stated:
* * *
 There is an automatic discharge with respect to those claims in Sections 523(a)(2), (4), and (6), unless a creditor files a complaint to determine dischargeability with the bankruptcy court. However, this provision does not apply to debts classified under Section 523(a)(5) (support obligations). In such instances, state courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of an alleged support obligation.[7]
[Emphasis added].
Thus, William's debt to Janice was not automatically discharged by her failure to complain. Further, this and other state courts have jurisdiction to determine whether such debt was dischargeable. As we have held, it was not.
We are next concerned with the effect of Janice's debt to her attorney being discharged in her bankruptcy. In Mallin v. Mallin,[8] this court stated:
 The referee correctly stated that the judgment relating to attorney fees was intended as alimony. Hence, the husband's debt to the wife is separate and distinct from the debt the wife owed to her attorney. The husband's obligation to pay alimony continues to exist regardless of whether the wife's debt to her attorney is discharged in bankruptcy [sic].[9]
The same holds true here. The $14,000 order was expressly ordered as spousal support. The discharge of Janice's debt to her attorney without a corresponding discharge of William's spousal support obligation is not a windfall as characterized by William. These are separate and distinct obligations. William's duty to provide support for his former wife withstands her bankruptcy resolution. William's attempt to avoid performance of this duty reveals a fundamental misconception of spousal support and bankruptcy principals.
In his third assigned error, William asserts the trial court erred in failing to modify his spousal support obligation. We disagree.
In determining whether the trial court properly resolved a motion to modify spousal support, we proceed under an abuse of discretion standard.[10] We will not disturb the trial court's ruling unless we conclude the result was so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[11]
In considering motions to modify spousal support obligations, the trial court must determine whether circumstances have so changed to warrant a change in obligation; and, if so, to what amount.[12] Here, the trial court satisfied its obligation.
Because we were not provided with a transcript of the modification hearing we simply review the findings of the trial court and presume regularity. The trial court made some findings which indicate support should not be adjusted. William's income has increased since divorce. He has the benefit of his new wife's income, and he pursues supplemental income through a joint helicopter venture and as a door installation subcontractor. Janice, while on medical leave, was involuntarily terminated from employment by the closing of the hospital where she worked. At the time of the hearing, Janice collected unemployment compensation at a rate of $240 per week. This benefit was set to expire on June 17, 2000. Further, Janice suffers from a form of arthritis in her right thumb that interferes with her ability to work.
The trial court made additional finding somewhat contradictory to the above factors. The trial court found:
 [William's] subcontracting contract with Builder's Square to install doors was terminated due to the company's going out of business throughout the area; that the medical and dietary needs of his minor son are extraordinary, and the child's special care is more often provided by his wife out of necessity which limits her ability to work full-time outside of the home. [William] testified that his utilities and medical expenses for the child are past due.
 The magistrate finds that Defendant's supplemental income to support his current family has been substantially impacted with the [loss of the door installation subcontract]. Insufficient evidence was introduced as to how long it would take [William] to secure other installation contracts. But nonetheless the Magistrate finds that [William] has and will continue to supplement his primary employment.
 The Magistrate finds that the joint helicopter venture * * * is a business venture for profit; that the business has yet to profit, but remains an ongoing business concern.
It seems from these findings that circumstances have dramatically changed for William. He has a new son with Cerebral Palsy who requires substantial and expensive care. Despite the benefit of his wife's income, his wife's income is limited by the need to care for their son. The court found that William's income has increased since divorce, but that income has been indefinitely impacted by losing the door installation contract. In short, the findings of the trial court indicate that circumstances have dramatically changed since the original divorce decree. The question then becomes, does that dramatic change necessitate a modification of support obligation. In the absence of a complete record, we are unable to answer this question. Consequently, we presume regularity. William's third assigned error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] Sheehan v. McRedmond 1998 Ohio App. LEXIS 5311, unreported, citing Warda v. C.I.R. (C.A. 6 1994), 15 F.3d 533, 537.
[2] Sheehan, supra, citing Smith v. State of Alabama (M.D.Ala. 1998),996 F. Supp. 1203, 1206-1207. See, also, Warda, at 537; State ex rel. Scripps-Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas (1995), 73 Ohio St.3d 19, 24, 652 N.E.2d 179.
[3] Civ.R. 8(C) providing: Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * estoppel, * * * res judicata, * * * and any other matter constituting an avoidance or affirmative defense. * * *.
[4] Nelson v. Jones (1995) 104 Ohio App.3d 823, 663 N.E.2d 419. Mitchell v. Schering Corp. 2001 Ohio App Lexis 4333, unreported.
[5] Toth v. Toth, 1996 Ohio App. LEXIS 5610 (December 12, 1996), Cuyahoga App. No. 69994, unreported, citing In re Calhoun (C.A. 6, 1983), 715 F.2d 1103.
[6] 1996 Ohio App. LEXIS 5610 (December 12, 1996), Cuyahoga App. No. 69994, unreported.
[7] Id., quoting Pearl v. Pearl (1990), 69 Ohio App.3d 173, 177,590 N.E.2d 315 (held mortgage payments in the nature of spousal support are not dischargeable). See, also, Ballinger v. Ballinger (1995),107 Ohio App.3d 358, 668 N.E.2d 979 (held debts were in the nature of spousal support when assumed in lieu of paying spousal support and therefore, not dischargeable); Snyder v. Snyder (1995), 105 Ohio App.3d 69;663 N.E.2d 695 (held assumption of credit card debt was dischargeable); Conley v. Conley (Apr. 17, 1991), 1991 Ohio App. LEXIS 1737, Summit App. No. 14798, unreported (claim precluded where the parties stipulated to which debts were dischargeable).
[8] (1995), 102 Ohio App.3d 717, 721, 657 N.E.2d 856, 859.
[9] Id.
[10] Rock v. Cabral (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 695 N.E.2d 1205.
[11] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3.
[12] Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613,695 N.E.2d 1205, 1207, citing Bingham v. Bingham (1991), 9 Ohio App.3d 191,459 N.E.2d 231.