JOURNAL ENTRY AND OPINION
{¶ 1} This case involves a post-decree motion to modify an order of child support filed in the court of common pleas, juvenile division. Upon review of the record presented and the arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} The child who is the subject of this support dispute was born May 1, 1992. The parent-child relationship between the child and appellant was not established until July 13, 1999. Appellee, Karen Overstreet, sought an administrative child support order, and appellant, Brian Evans, was ordered at that time to pay $453.17 per month as child support. The amount of the order was based on the imputed income of appellant; he had resigned from his employment at New York Presbyterian Hospital at the time of that determination.
 {¶ 3} Appellee filed a motion to modify that support order on March 21, 2001 due to an increase in the appellant's earning capacity. At the time of the motion, appellant had been licensed to practice medicine for seven years, practicing as a resident in general surgery. During the pendency of the motion, appellant completed the requirements to become a Board Certified plastic surgeon and began a practice in Beverly Hills, California. Appellant, through his own choice, has not visited with the child who is the subject of the motion since at least 1999.
 {¶ 4} The motion was not heard for 28 months from the date of filing as a result of seven continuances. From the record we glean that most of these continuances were the result of the trial court's failure to keep track of the court file, causing the parties to have to "reconstruct" the court file at least three times. Appellant never appeared for any hearing, although he was represented by counsel.
 {¶ 5} Eventually, an evidentiary hearing was held on February 21, 2003, and the trial court found that the appellant's income had substantially increased. This finding resulted in a new child support order of $1,038.65 per month. The trial court relied on the testimony of the appellee, as well as a videotaped deposition and report of vocational specialist, Susan Green.
 {¶ 6} Appellant files this timely appeal and presents one assignment of error for our review:
 {¶ 7} "The trial court erred as a matter of law in computing Evans' child support obligation."
 {¶ 8} Appellant argues that the court erred by taking into account his salary as a board certified plastic surgeon instead of only considering his earnings as of the date of filing of the motion to modify the support order. When reviewing a matter concerning child support issues, the decision of the trial court will not be reversed absent an abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144; Rock v. Cabral (1993),67 Ohio St.3d 108, 112. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466, 470; State v. Moreland (1990),50 Ohio St.3d 58, 61; State v. Adams (1980), 62 Ohio St.2d 151,157. In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
 {¶ 9} A motion to modify a support obligation requires the trial court to determine that circumstances exist that merit a change in the obligation. Bingham v. Bingham (1991),9 Ohio App.3d 191. R.C. 3119.79 (A) states:
 {¶ 10} "If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten percent greater than or more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require modification of the child support amount."
 {¶ 11} The moving party must demonstrate a substantial change in circumstances rendering unreasonable an order which once was reasonable. Baker v. Grathwohl (1994), Ohio App.3d 116, 118. If a change in circumstances is shown, the trial court may then make an appropriate modification. A trial court may consider the income of the support obligor only for the year in which the motion was filed; to consider income from years subsequent to the filing year constitutes an impermissible sua sponte modification of child support. O'Neill v. O'Neill (May 20, 1999), Cuyahoga App. No. 73407 at 6.
 {¶ 12} Much of the testimony regarding the appellant's income pertained to imputed income. It appears that the appellant was voluntarily unemployed at the time of the filing of the motion to modify because he was studying for exams to become a board certified plastic surgeon. In such a case, the trial court must consider the obligor's" potential income;" that is, the amount that parent would have earned had he been fully employed. Rockv. Cabral, 67 Ohio St.3d 108, 111. Potential income may be determined by the parent's employment potential and probable earnings based on the parent's recent work history, job qualifications, the prevailing job opportunities, and salary levels in the community in which the parent resides. Id. The reason or motivation for the obligor's unemployment or underemployment has no bearing on whether potential income is imputed to that parent. Id. at 112.
 {¶ 13} In the instant case, much of the testimony pertaining to appellant's income was elicited from Susan Green, a vocational rehabilitation counselor practicing in Los Angeles, California, where the appellant resides. She undertook an assessment of the appellant's earning potential with, according to the report submitted to the trial court, no cooperation from appellant or his counsel. However, Ms. Green's evaluation of appellant's earning potential reported in her written report assessed him with the potential earnings of a plastic surgeon with 2-3 year's experience. Appellant became board certified to practice as a plastic surgeon in September 2001, subsequent to the filing of the motion. Appellant's income as of March 2001 would be the relevant consideration for purposes of the motion to modify, which was the income considered by the trial court. On that subject, Ms. Green testified as follows:
 {¶ 14} "Q. * * * As of March 21, 2001, how long had Dr. Evans been a general surgeon?
 {¶ 15} "A. If my math is correct, it looks like 3 years and 9 months.
 {¶ 16} "Q. And so drawing your attention to the McCroskey Transferable Skills report that Mr. Heutsche was referencing, at that point he had three years and 9 months as a general surgeon. That would put him almost into the 4 to 6 year category, wouldn't it?
 {¶ 17} "A. I would say yes."
 {¶ 18} The record reflects that appellant filed with the court a 2000 tax return indicating that he earned approximately $12,000 for the year 2000. After analyzing his medical and other degrees, his licensure to practice medicine in Michigan, New York and Indiana, along with his current board certification in plastic surgery, Ms. Green concluded that the 2000 tax return indicated that appellant was "working under his earning capacity" at that time. The trial court then imputed to appellant the mean salary rate for a surgeon with work experience in the 2-7 year range for purposes of the motion to modify the child support order.
 {¶ 19} Based on this evidence, we cannot conclude that the trial court abused its discretion in modifying the child support award based on appellant's potential income. However, we feel compelled to admonish the trial court for its haphazard handling of this file; had the parties been heard on the motion to modify sometime in 2001, when it was filed, the appellant's 2003 income level would never have been an issue before the court. Notwithstanding, we find no evidence that the trial court considered any income for the appellant beyond 2001 and that the income level imputed to him was reasonable based on the evidence presented.
 {¶ 20} The judgment is affirmed.
Judgment affirmed.
Calabrese, Jr., and Kenneth A. Rocco, JJ., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.