OPINION
{¶ 1} Defendant-appellant Harold L. Day (hereinafter "Harold") appeals from a decision of the Greene County Court of Common Pleas, Domestic Relations Division, which ordered that Harold's spousal support obligation to his ex-wife, Brenda Day (hereinafter "Brenda"), be reduced by 16%, from $700.00 per month to $588.00 per month effective as of January 18, 2002. Harold contends the trial court erred when it adopted the decision of the Magistrate which reduced his spousal support by 16%. Harold also asserts that the trial court erred in failing to modify his spousal support obligation as a result of an increase in Brenda's income subsequent to their divorce. Lastly, Harold argues that the trial court erred when it retroactively established the effective date of the support modification as January 18, 2002. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} On May 4, 2000, Harold and Brenda were granted a final judgment and decree of divorce in the Greene County Domestic Relations Court. Pursuant to the divorce decree, Harold was required to pay Brenda $700.00 per month for spousal support. Said payments were to be made "for a continuing period of fifteen (15) years subject to termination by the death of either party, Plaintiff's remarriage or Plaintiff's cohabitation with an unrelated adult male in a marriage like state, and provided further, however, that such may be modifiable upon the change of circumstances."
 {¶ 3} On August 24, 2001, Harold filed a motion to terminate spousal support based on his assertion that Brenda was cohabitating with Norman Koup, an unrelated adult male. Evidence was adduced at a hearing held on January 18, 2002, wherein it was demonstrated that Brenda and Norman Koup had been in an intimate relationship since September, 2000. The evidence demonstrated that Koup had been sleeping at Brenda's residence seven nights a week since the relationship began. In a decision dated February 8, 2002, the magistrate found that Brenda had been cohabitating with Koup and recommended that spousal support be terminated as of August 24, 2001. Brenda subsequently filed objections to the magistrate's decision wherein she maintained there was no evidence of mutual financial support, which is a required element of cohabitation. On July 9, 2002, the trial court overruled Brenda's objections and adopted the magistrate's decision.
 {¶ 4} Brenda appealed the decision to this Court. In a decision dated December 6, 2002, we reversed and remanded, holding that the evidence did not support a finding that Brenda was cohabitating with Koup in a marriage like state, and thus, termination of spousal support based upon the cohabitation provision in the divorce decree was improper. Day v.Day (Dec. 6, 2002), Greene App. No. 02CA79, 2002-Ohio-6779. Since the magistrate expressly found that Brenda was supporting Koup by allowing him to use her home and utilities, the proper remedy was for Harold to seek a reduction of his spousal support obligation. Id. Thus, on remand, we instructed the trial court to conduct a hearing to determine the extent to which Brenda used her spousal support to benefit Koup and then modify Harold's obligation accordingly.
 {¶ 5} On May 1, 2003, a hearing was held before the magistrate. As stated above, in a decision dated June 26, 2003, the magistrate found that Brenda was utilizing a portion of her spousal support to benefit Koup. The magistrate concluded that Harold's spousal support obligation should be reduced from $700.00 to $588.00 per month retroactive to January 18, 2002. Both parties objected to the magistrate's decision, and on May 24, 2004, the trial court overruled the objections of both parties and adopted the decision of the magistrate. From this judgment, Harold Day now appeals.
 II {¶ 6} Harold's first assignment of error is as follows:
 {¶ 7} "The determination of the trial court to reduce to [the] appellant's spousal support by 16% is totally arbitrary and is not supported by the evidence."
 {¶ 8} The factors which a domestic relations court must consider when ruling on a request for spousal support are those set out at R.C. §3105.18(C). Hayes v. Hayes (Feb. 22, 2002), Montgomery App. Nos. 18832, 18837, 2002-Ohio-925. The same factors, to the extent that any are implicated by the change of circumstances cited, must be considered when the court rules on a motion to modify a prior support order filed pursuant to R.C. § 3105.18(E). Id. In both instances, the trial court has broad discretion in applying the factors to the evidence before it. Id.
The court's determination will not be reversed absent a demonstrated abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id. at 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 9} With respect to the formula she used to determine the amount Harold's spousal support would be reduced, the magistrate stated in pertinent part:
 {¶ 10} "It is clear from the testimony that Norman Koup while being in the home during the evening hours would use a portion of the utilities, including electric, food, propane, phone and TV. This Magistrate finds that Norman Koup is present in the home for approximately 4 waking hours per day. Therefore, he is awake for approximately 16% of the day. This Magistrate finds that during that 16% of the day Mr. Koup is using the previous utilities.
 {¶ 11} Therefore, this Magistrate finds that 16% of the spousal support payment to Brenda Day is being used to benefit Norman Koup."
 {¶ 12} As the respective parties correctly note, the relevant authority in this matter is Perri v. Perri (1992), 79 Ohio App.3d 845,608 N.E.2d 790, in which this Court held that with regard to a proposed reduction in spousal support, the trial court should focus on whether an appreciable amount of the spousal support paid by the obligor directly benefits the paramour. If so, the proper remedy is not the termination of spousal support but rather a reduction in the amount of support to the extent that it directly benefitted the paramour. Daley v. Daley (Jan. 31, 1997), Montgomery App. No. 96CA14, 1997 WL 52919.
 {¶ 13} While we hold that the magistrate and trial court properly found that a reduction in Harold's spousal support was warranted because Koup directly benefitted from said support, we do not agree that the formula the magistrate utilized to reach the 16% reduction is necessarily the best method for reaching such a conclusion. However, we do not find this to be unreasonable in light of the evidence adduced which clearly called for only a minor reduction in spousal support. While Koup may spend an appreciable amount of time at Brenda's residence, Brenda pays her bills without any assistance from Koup, she and Koup have separate bank accounts, and the two do not have any joint debts together.
 {¶ 14} After a thorough review of the transcript of the hearing held on May 1, 2003, it is clear that the magistrate was correct in finding that Koup directly benefitted from Harold's support payments to Brenda with respect to Koup's limited use of the utilities provided at Brenda's residence. Thus, the magistrate's reduction of Harold's spousal support by only 16% was not an abuse of discretion irrespective of the formula utilized to reach that determination.
 {¶ 15} Harold's first assignment of error is overruled.
 III {¶ 16} Harold's second assignment of error is as follows:
 {¶ 17} "The trial court failed to consider the change of circumstances in appellee's income in determining whether a modification of spousal support was proper."
 {¶ 18} In his second assignment, Harold contends that the trial court erred when it failed to take into account the increase in Brenda's income from approximately $15,000.00 in 1999 (prior to the divorce) to $32,272.00 in 2002. Harold argues that the increase in Brenda's income constitutes a change in circumstance that necessitates a larger reduction in spousal support than was granted by the trial court.
 {¶ 19} R.C. § 3105.18(F) provides in pertinent part:
 {¶ 20} "(F) For purposes of divisions (D) and (E) of this section, a change in the circumstance of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."
 {¶ 21} Harold points out that Brenda's income has more than doubled since the initial award of spousal support while there was no showing of any appreciable change in her living expenses. Harold argues that because Brenda has not demonstrated the appropriate "need" with respect to the amount of spousal support she has received since the increase in her income, the trial court erred when it failed to further reduce his obligation. Harold cites Billingham v. Billingham (Feb. 16, 2001),2001 WL 127764, for the proposition that while "need" is no longer mentioned as a factor when awarding spousal support under R.C. § 3105.18, it is a core consideration for all spousal support awards and modifications. Thus, Harold asserts that Brenda's "need" for spousal support has decreased since her income has increased. Harold, however, attempts to construe the holding in Billingham, supra, too narrowly.
 {¶ 22} In Billingham, we stated:
 {¶ 23} "However, while need and ability to pay remain important considerations for determining what amount of spousal support is reasonable and appropriate, the term `need' is an elastic concept that differs from case to case, and that encompasses more than just ensuring that the obligee spouse has the basic necessities of food, clothing, and shelter. This is apparent from examining the factors that a trial court must consider in fashioning a spousal support award, which include the duration of the marriage, R.C. 3105.18(C)(1)(e), and the standard of living the parties established during their marriage, R.C.3105.18(C)(1)(g)."
 {¶ 24} "Furthermore, as we noted in Seagraves, supra, [(April 19, 1996), Montgomery App. No. 15588], spousal support is statutorily defined as `any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is both for sustenance and for support of the spouse or former spouse.' R.C. 3105.18(A). We reject the notion that `sustenance,' in this context, is limited to the essentials of life, e.g., food and shelter. `Sustenance' is the means to sustain something. In our view, the thing being sustained is the former spouse's standard of living during the marriage. The trial court must weigh the oblige spouse's need for assistance to sustain that standard of living against the obligor spouse's ability to pay."
 {¶ 25} When the parties' divorce became final in 2000, Brenda was earning approximately $15,000.00 per year as a bus driver. Harold, on the other hand, was earning approximately $50,000.00 per year. In 2003, Harold's expected income was $61,200.00. In determining whether Brenda's increase in income should serve as basis to further reduce Harold's spousal support obligation, the trial court found that Harold still earns twice the amount of money Brenda does, and he has a higher earning ability than Brenda. The court found that the parties' marriage was long in duration and that they enjoyed a moderate standard of living during their marriage. Harold has a higher education than Brenda, who, because of her age, is limited in her vocational opportunities. Based on these circumstances, the trial court felt that Brenda has exhibited a continuing necessity for spousal support. We agree.
 {¶ 26} Upon careful consideration of the factors listed in R.C.3105.18(C), the fact that Brenda's income has increased since her divorce from Harold does not by itself provide a sufficient basis or change in circumstance upon which to further reduce Harold's spousal support obligation.
 {¶ 27} Harold's second assignment of error is overruled.
 IV {¶ 28} Harold's third assignment of error is as follows:
 {¶ 29} "The trial court's use of the date for modification of spousal support of January 18, 2002, is not based upon any evidence on any of the proceedings."
 {¶ 30} In his third and final assignment, Harold contends that the trial court abused its discretion when it ordered that the effective date for the modification of spousal support was January 18, 2002. Harold maintains that the correct effective date for modification of the spousal support award should have been the date of the filing of the original motion on August 24, 2001.
 {¶ 31} As Brenda points out, however, the motion Harold filed on August 24, 2001, was a motion for termination of spousal support, not a motion for modification. Modification of the spousal support award was not at issue in this matter until we remanded the case to the trial court in the Day, supra. Thus, there is no legitimate basis for Harold's request that the modification date be changed to August, 2001. Neither the trial court nor the magistrate abused their discretion in rejecting August 24, 2001, as the applicable date for modification. The retroactive application shall not be disturbed on appeal.
 {¶ 32} Harold's final assignment is hereby overruled.
 V {¶ 33} All of Harold Day's assignments of error having been overruled, the judgment of the trial court is affirmed.
Young, J., concurs; Wolff, J., concurs separately.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).