OPINION
{¶ 1} Defendant-appellant Theodore Norbut appeals from an order of the Greene County Common Pleas Court that reduced, but did not terminate, his spousal support obligation. He contends that the trial court abused its discretion and that its decision is not supported by the evidence. He claims that the trial court should have terminated his obligation, or at least made a greater reduction. Mr. Norbut further contends that the trial court failed to properly review the record, failed to consider the appropriate statutory factors for modification and termination, and failed to consider the fact that Ms. Norbut was receiving income from a pension and from Social Security. Finally, he contends that the trial court erred by failing to make the modification retroactive to the date his motion therefor was filed.
 {¶ 2} We conclude that the record supports a finding that Mr. Norbut demonstrated changes in the parties' circumstances. We further conclude that the trial court failed to consider the appropriate statutory factors in determining whether these changes warranted maintaining the status quo, or whether they required modification or termination of the existing support order. While we cannot say that the trial court failed to conduct a de novo review of the record following the magistrate's decision, we do note that the trial court incorrectly found that Mr. Norbut's motion had been ruled upon in a previous decision. We also note that the trial court mistakenly concluded that the income received by Mrs. Norbut from her share of Mr. Norbut's pension was not a factor to be considered. Finally, we conclude that the trial court's decision whether to make its decision retroactive was an abuse of discretion, based in part, at least, upon its mistaken notion that Mr. Norbut's earlier motion, to the date of filing of which he wished the order made retroactive, had previously been decided by the court.
 {¶ 3} The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 4} Theodore and Margaret Norbut were married in 1962 and divorced in 1989. Since that time, they have been involved in numerous post-decree disputes, and have appeared before this court a number of times. This particular appeal involves the issue of spousal support — specifically, the issue of termination or modification of previously awarded spousal support.
 {¶ 5} The divorce decree contained the following provision regarding the issue of spousal support:
 {¶ 6} "The Court further ORDERS [Mr. Norbut to] pay the sum of TWO HUNDRED FIFTEEN DOLLARS ($215.00) per week as and for alimony to [Ms. Norbut]. The parties were married for twenty-seven (27) years and [Ms. Norbut] is entitled to fifteen (15) years of alimony. This shall remain in effect until [Ms. Norbut's] death, remarriage or cohabitation with a non-relative male. This alimony award is subject to the continuing jurisdiction of the Court."
 {¶ 7} In 1997, Mr. Norbut filed a motion to terminate support. The motion was based upon his claim of a change in circumstances. He cited the fact that he had retired that year, and that Ms. Norbut had begun receiving benefits from his federal pension plan, as awarded to her by the terms of the divorce decree. Due to ongoing federal litigation regarding the pension distribution, the motion to terminate support was continued indefinitely. In 1998, Mr. Norbut filed an additional motion, which specifically mentioned modification of the support order. In April, 2002, after issues involving the proper division of his pension benefits had been resolved, Mr. Norbut filed another motion seeking "modification and/or termination of spousal support" on the basis of a "significant change in financial circumstances."
 {¶ 8} A hearing on the motions was held before a magistrate in May and June of 2003. Following that hearing, the magistrate issued a decision and entry modifying the support order, and making the modification retroactive to 1997. The magistrate's decision provided, in pertinent part, as follows:
 {¶ 9} "* * * At the time of the divorce Ms. Norbut was unemployed. Since that time she has had part time employment at various times throughout the years. She further began receiving her portion of the Defendant's CSRS pension in 1997 as well as Social Security in 2002. Therefore, this Magistrate finds that both parties have experienced changes since the time of the divorce sufficient to consider a termination or modification of support.
 {¶ 10} "The Motion to Terminate and/or Modify Spousal Support was filed August 8, 1997. This Magistrate finds it unfair and inequitable to determine a spousal support award as of this date using 2002/2003 income figures and apply those back to the date of 1997. Therefore, this Magistrate shall determine each year's spousal support obligation since 1997 based upon the particular income for each party during that specific year as testified to by the parties.
 {¶ 11} "Therefore, for the year 1997, this Magistrate finds that Theodore Norbut shall pay the amount of $800.00 per month as and for spousal support, effective August 8, 1997 through * * * December 31, 2000.
 {¶ 12} "Effective January 1, 2001, through December 31, 2001, Theodore Norbut shall pay the amount of $700.00 per month as and for spousal support.
 {¶ 13} "Effective January 1, 2002, through December 31, 2002, Theodore Norbut shall pay the amount of $600.00 per month as and for spousal support.
 {¶ 14} "Effective January 1, 2003, Theodore Norbut shall pay the amount of $700.00 per month as and for spousal support.
 {¶ 15} "The issue of spousal support shall be retained under the jurisdiction of this Court. Spousal support shall terminate upon the death of either party, or upon Margaret Norbut remarrying or cohabitating with an unrelated adult male. The duration shall remain the same as in the Final Decree."
 {¶ 16} Both parties filed objections to the magistrate's decision. Of relevance, Mr. Norbut objected to the magistrate's decision to modify, rather than terminate, support. Ms. Norbut objected to the magistrate's decision to make the modification retroactive to 1997.
 {¶ 17} The trial court overruled Mr. Norbut's objection, noting that the evidence demonstrated that "[Ms. Norbut received financial benefits by living with her daughter [and that this fact] is a basis for modification but not termination." The trial court sustained Ms. Norbut's objection regarding retroactivity, and ordered that the modification be modified "to an effective date of May 29, 2003." The trial court further stated that Mr. Norbut's original motion for termination, filed in 1997, had been ruled upon.
 {¶ 18} From the 2003 order of the trial court modifying spousal support, Mr. Norbut appeals.
 II {¶ 19} Mr. Norbut's sets forth the following six assignments of error:
 {¶ 20} "THE TRIAL COURT CLEARLY ERRED AND ABUSED ITS DISCRETION BECAUSE IT FAILED TO CONDUCT A DE NOVO REVIEW OF THE ISSUES ON OBJECTION AND FAILED TO CONSIDER THE CIRCUMSTANCES AT THE TIME OF THE DIVORCE AND THE STATUTORY FACTORS PERTAINING TO SPOUSAL SUPPORT INCLUDING THE STANDARD OF LIVING ESTABLISHED DURING THE MARRIAGE.
 {¶ 21} "THE TRIAL COURT ERRED AS A MATTER OF LAW, VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS, AND ABUSED ITS DISCRETION IN FAILING TO TERMINATE AND/OR FURTHER DECREASE APPELLANT'S SPOUSAL SUPPORT OBLIGATION AT THE TIME APPELLANT RETIRED BECAUSE THERE WAS A CHANGE IN CIRCUMSTANCES, SPOUSAL SUPPORT WAS NO LONGER NECESSARY, REASONABLE OR APPROPRIATE, AND APPELLEE WAS ENJOYING A STANDARD OF LIVING WELL ABOVE THAT DURING THE MARRIAGE.
 {¶ 22} "THE TRIAL COURT ERRED IN FAILING TO PROVIDE SUFFICIENT ANALYSIS AND DETAIL OF ITS DECISION REGARDING SPOUSAL SUPPORT FOR APPELLATE REVIEW.
 {¶ 23} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT REFUSED TO CONSIDER THE COMMENCEMENT OF RECEIVING EARLY RETIREMENT INCOME AND SOCIAL SECURITY ELIGIBILITY IN DETERMINING WHETHER SPOUSAL SUPPORT SHOULD BE MODIFIED OR TERMINATED.
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE MODIFICATION OR TERMINATION OF SUPPORT RETROACTIVE TO THE DATE OF APPELLANT'S ORIGINAL MOTION BECAUSE IT HAD NOT BEEN RULED UPON AND WAS STILL PENDING, AND THE FAILURE TO CONSIDER RETROACTIVITY TO 1997 VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
 {¶ 25} "THE TRIAL COURT'S DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 26} Mr. Norbut's appellate brief is lengthy, setting forth more than twenty issues for our consideration. From our review of his brief, it appears that many of the issues raised in the assignments of error are redundant. Thus, we have reduced the number of issues, eliminating redundancy, in order to facilitate a logical discussion and analysis. The crux of this appeal is Mr. Norbut's contention that the trial court erred by modifying, rather than terminating, spousal support, and by failing to make the termination retroactive to 1997. The questions to be determined by this court are whether the parties underwent a change in circumstances sufficient to warrant a modification or termination of spousal support, and whether any modification or termination should be made retroactive.
 {¶ 27} We begin with the issue of change of circumstances. The burden of showing that a change of circumstances has occurred is on the party claiming it. Mottice v. Mottice (Mar. 26, 1997), Summit App. No. 17906. Absent an abuse of discretion, a trial court's determination whether there has been a change of circumstances sufficient to warrant a termination or modification will not be reversed. Pauley v. Pauley, Clark App. No. 2001-CA-49, 2002-Ohio-1210. The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 28} In this case, both the magistrate and the trial court found that the evidence demonstrated a change of circumstances. We agree. At the time of the hearing, Ms. Norbut had begun to receive both Social Security income as well as income from her portion of Mr. Norbut's pension. The trial court was under the mistaken belief that the income from Ms. Norbut's share of Mr. Norbut's pension could not be considered as affecting spousal support. Pursuant to R.C. 3015.18(C)(1)(a), a trial court must consider all sources of income including "income derived from property divided, disbursed, or distributed" in the divorce decree. This includes income derived from pensions divided as property. See, Lindsay v. Curtis (1996), 115 Ohio App. 3d 742,746.
 {¶ 29} The increase in Ms. Norbut's income from Social Security benefits and from her share of Mr. Norbut's pension totaled approximately $2,693 per month. Also, as the trial court noted, Ms. Norbut was receiving financial help of almost nine thousand dollars per year from her adult daughter. There was also evidence that she had been employed, part-time, at various times since the divorce.
 {¶ 30} A showing of a change in circumstances does not fully answer the question whether that change merits a termination or modification of the existing support order. In order to make that determination, a trial court must consider all relevant factors, including those listed in R.C. 3105.18. Bingham v. Bingham
(1983), 9 Ohio App.3d 191, paragraph two of the syllabus.
 {¶ 31} In this case, the magistrate and the trial court found that the above-cited changes in circumstances were sufficient to require a modification, but not a termination, of support. At first blush, it would appear that this determination is sound. However, there is nothing in either the magistrate's decision or the trial court's decision to indicate what factors, if any, other than the noted change in circumstances, were considered. Indeed, it appears that the decision to modify support was based solely upon a finding that there was a showing of changed circumstances, without regard to any other factors. Because the record suggests that the trial court failed to consider the relevant statutory factors, we conclude that the trial court abused its discretion with regard to its resolution of the motion to modify or terminate the existing support award.[1] The apparent legal error of the trial court in concluding that it could not properly consider Ms. Norbut's Social Security benefits, and her share of Mr. Norbut's pension benefits, awarded to her as her share of the marital property, furnishes an independent basis for our conclusion that the trial court abused its discretion in its decision.
 {¶ 32} We next address the matter of retroactivity. Mr. Norbut contends that any decision to terminate or modify must be made retroactive to the filing of his 1997 motion. He contends that the trial court abused its discretion by failing to do so. In conjunction with this argument, he argues that the trial court failed to conduct a de novo review of the magistrate's decision. In support, he notes that the trial court's decision on the objections of the parties erroneously stated that the 1997 motion had been previously ruled upon.
 {¶ 33} A trial court has the discretion to make its order of modification or termination retroactive to the date the motion for modification or termination was filed. Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 640.
 {¶ 34} In this case, Mr. Norbut's original motion, filed in 1997, sought termination. In July 1998, a second motion was filed, in which Mr. Norbut, for the first time, expressly sought modification of the support order, as an alternative to outright termination. Ms. Norbut cites Day v. Day, Greene App. No. 2004 CA 59, 2005-Ohio-2015, for the proposition that an order of modification of spousal support, being distinct from termination of spousal support, cannot be made retroactive to the date of a motion for termination.
 {¶ 35} We conclude that Day v. Day, supra, is distinguishable. In that case, there had been a previous motion to terminate spousal support on a wholly distinct theory, that the obligee wife in that case was cohabiting with an unrelated adult male, which was a ground for complete termination of spousal support under the terms of the divorce decree. Although the trial court initially granted the motion to terminate, we reversed that order, finding that the evidence did not support a finding of cohabitation. We remanded the cause to the trial court, however, to consider an alternative ground for relief — that the obligee wife was using a portion of spousal support payments for purposes unrelated to spousal support, justifying a reduction of the amount of spousal support. In an appeal from the trial court's order, on remand, reducing spousal support, we held that the order reducing spousal support could not be made retroactive to the date of the obligor husband's original motion, because his original motion was for termination of spousal support, rather than for modification.
 {¶ 36} We acknowledge that the language used in ¶¶ 30 and 31 of the Day opinion could lead one to conclude that we regard a motion to terminate spousal support as always, necessarily, being so distinct from a motion to modify spousal support that the relief of modification may not be ordered retroactively to the date of the motion to terminate, but we do not take that to be the essential holding in Day. In our view, the holding in Day
stands for the proposition that where the relief ultimately ordered — in that case, modification of spousal support — is based upon a claim that is conceptually distinct from the claim upon which the original motion — in that case, a motion to terminate spousal support — the relief ordered may not relate back to the original motion. In that case, the claim upon which the initial motion to terminate support was based was a claim that the obligee wife was cohabiting with an unrelated male; the claim upon which the relief of modification of support was ultimately based was a claim that the obligee wife was using a portion of her spousal support for purposes unrelated to spousal support. That claim had not surfaced in the case until the initial appeal.
 {¶ 37} In the case before us, by contrast, the claim upon which Mr. Norbut's 1997 motion to terminate spousal support is based is not conceptually distinct from the claim upon which he bases his argument for the lesser relief of modification. Mr. Norbut's claim is that his spousal support obligation should be reduced as a result of the increase in the financial resources available to Ms. Norbut. Obviously, Mr. Norbut would like to have his spousal support obligation reduced to zero, but, failing that, he would at least like it to be reduced to an amount less than the amount of support he had been paying. These are not distinct claims, which, in our view, makes this case distinguishable from Day v. Day, supra.
 {¶ 38} We agree with Mr. Norbut that the trial court abused its discretion when it declined to make its order of modification retroactive to the date of the 1997 motion to terminate, because it appears that the trial court based this decision upon its erroneous belief that the 1997 motion had been previously adjudicated. However, we cannot say this incorrect statement requires a finding that the trial court failed to conduct a de novo review of the record. Nor do we find any other support for the claim that the trial court performed an improper review. Since we conclude that the trial court's decision regarding retroactive application of its order was based upon a materially erroneous understanding of the record, we conclude that its decision constitutes an abuse of discretion.
 {¶ 39} Mr. Norbut's First Assignment of Error is sustained with regard to the claim that the trial court did not consider the appropriate statutory factors and overruled with regard to the claim that the trial court failed to conduct a de novo review of the record. The remaining five assignments of error are sustained.
 III {¶ 40} Norbut's First Assignment of Error having been sustained in part, and his remaining assignments of error having been sustained in whole, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Grady, P.J., and Donovan, J., Concur.
[1] We cannot make this determination for the trial court because the parties gave conflicting testimony during the hearing regarding the relevant statutory factors, which requires a determination of the credibility of the parties. For example, there was testimony from Ms. Norbut that, if believed, would indicate that she was unable to meet her monthly expenses even with the increase in her income.