[Cite as *Caldwell v. Caldwell*, 2017-Ohio-8757.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| ROBERT L. CALDWELL | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 10-DR-554 |
| | : | |
| MARIA H. CALDWELL | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 1st day of December, 2017.

. . . . . . . . . .

DAVID MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellant

VALERIE JUERGENS WILT, Atty. Reg. No. 0040413, 333 N. Limestone Street, Suite 202A, Springfield, Ohio 45503
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Robert Caldwell appeals from an award of spousal support. No spousal support was originally awarded in the parties' 2011 divorce decree, but the trial court retained jurisdiction to award support to Mr. Caldwell beginning on June 1, 2016. Mr. Caldwell filed a motion for spousal support in April 2016. According to his interrogatory answers, he seeks $2,000 per month until Ms. Caldwell retires. The matter was referred to a magistrate who held a hearing at which both parties testified. After the hearing, the magistrate filed a decision awarding Mr. Caldwell spousal support of $350 per month. Mr. Caldwell objected to the amount. The trial court overruled the objection and adopted the magistrate's decision. Mr. Caldwell appealed.

{¶ 2} The sole assignment of error alleges that the trial court abused its discretion by determining that the magistrate's spousal-support award is appropriate and reasonable. Mr. Caldwell argues that $350 a month is not a reasonable amount, in light of the disparity in the parties' income and the length of their marriage.

{¶ 3} R.C. 3105.18 allows a trial court to award reasonable spousal support to either party. Division (C)(1) sets out factors that the court must consider in deciding the amount of support to award. "[T]he trial court has broad discretion in applying the factors to the evidence before it. The court's determination will not be reversed absent a demonstrated abuse of discretion." (Citations omitted.) *Day v. Day*, 2d Dist. Greene No. 2004 CA 59, 2005-Ohio-2015, ¶ 8. "Moreover, a reviewing court may not merely substitute its judgment on factual or discretionary issues for that of the trial court." (Citation omitted.) *Chepp v. Chepp*, 2d Dist. Clark No. 2008 CA 98, 2009-Ohio-6388, ¶ 5.

{¶ 4} The magistrate here considered each relevant statutory factor. As far as the

parties' current income, the magistrate found that each month Mr. Caldwell, who is retired, receives $293 from a pension and $1,493 in social security for a total of $21,432 each year. Ms. Caldwell, who continues to work, earns $97,504 each year. At the time of the divorce, Mr. Caldwell was still working and earned $32,151 a year. He testified he voluntarily retired because he was afraid that he would get into an accident and lose his retirement. The magistrate found no evidence that Mr. Caldwell is currently unable to work. Ms. Caldwell, while eligible to retire, continues to work. Each party is 62 years old. The magistrate found no evidence that either has any physical, mental, or emotional problems that would keep them from working. Ms. Caldwell participates in the Federal Employee's Retirement System and was not awarded any part of Mr. Caldwell's retirement benefits. Mr. Caldwell was awarded his marital share of Ms. Caldwell's retirement benefits, which will begin when she retires.

{¶ 5} The magistrate found that in the divorce Mr. Caldwell received $120,000 from Ms. Caldwell's Thrift Savings Plan as a partial property settlement. The magistrate noted that Ms. Caldwell testified that $20,000 of the amount was to keep Mr. Caldwell from seeking spousal support for at least five years. Mr. Caldwell put $70,000 into an annuity that he can access when he turns 65. The remaining $50,000 he put into an IRA. Shortly after receiving the settlement, found the magistrate, Mr. Caldwell bought a new car for $48,000. His testimony at the hearing reveals that the car is a 2012 Nissan 370Z with vanity plates reading "Thanks X." Mr. Caldwell is using distributions from his IRA to make the payments on the car. It was the magistrate's finding that "[t]he decision to purchase such a vehicle and to finance it over a period of 72 months was not a sound decision on [Mr. Caldwell]'s part."

{¶ 6} Based on the above factors, the magistrate set spousal support at $350 each month until Mr. Caldwell is eligible to receive his annuity payments or his share of Ms. Caldwell's pension, whichever comes first. "This along with even part-time work," said the magistrate, "should enable [Mr. Caldwell] to meet his living expenses."

{¶ 7} Mr. Caldwell filed objections with the trial court arguing that the magistrate's decision is an abuse of discretion and is against the manifest weight of the evidence. The court conducted an independent, de novo review of the record as it relates to spousal support. The court found that the magistrate's findings of fact are supported by credible evidence and adopted the findings. And the court concluded that it is appropriate and reasonable to award monthly spousal support of $350 until Mr. Caldwell is eligible to receive his annuity payments or his share of Ms. Caldwell's pension, whichever comes first.

{¶ 8} Mr. Caldwell does not argue that the award is insufficient to meet his living expenses. He argues only that the amount is not reasonable given the length of the marriage and the difference in the parties' income. Mr. Caldwell fails to convince us that the trial court's spousal-support award is unreasonable. Given the evidence presented, we see no abuse of discretion in the amount awarded.

{¶ 9} The sole assignment of error is overruled.

{¶ 10} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

David McNamee

Valerie Juergens Wilt
Hon. Thomas J. Capper