**[Cite as *Ford v. Ford*, 2019-Ohio-3920.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THERESA R. FORD | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28358 |
| | : | |
| v. | : | Trial Court Case No. 2013-DR-845 |
| | : | |
| STEPHEN A. FORD | : | (Appeal from Domestic Relations |
| | : | Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2019.

. . . . . . . . . .

MATTHEW C. SORG, Atty. Reg. No. 0062971, 40 North Main Street, Suite 2700, Dayton, Ohio 45423
        Attorney for Plaintiff-Appellee

DAVID M. MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Stephen Ford appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, modifying his spousal support obligation. Stephen contends that the modification must be reversed because the magistrate failed to consider relevant statutory factors regarding modification. He further contends that the trial court abused its discretion regarding the effective date of the modification. For the reasons that follow, we affirm.

## I.     Facts and Procedural History

{¶ 2} Stephen and Theresa were married in 1983.[1] They were divorced by judgment and decree of divorce issued in June 2015. The terms of the decree required Stephen to pay Theresa the sum of $1,000 per month as spousal support for an indefinite period.[2] The amount and duration of spousal support were subject to the trial court's continuing jurisdiction. The decree further provided that spousal support would terminate upon Theresa's remarriage or cohabitation, or the death of either party.

{¶ 3} On January 5, 2018, Stephen filed a motion to reduce spousal support. On March 1, 2018, Theresa filed a motion seeking to hold Stephen in contempt for failing to pay spousal support. A hearing was held on both motions in March 2018.

{¶ 4} Of relevance hereto, evidence was adduced demonstrating that Stephen's employment was terminated on October 6, 2017 when he was 66 years old. At that time, Stephen was eligible for retirement and he opted to begin receiving retirement benefits

---

[1] For clarity and ease of reference, we will refer to the parties by their first names.

[2] At the time of the divorce, Stephen's annual income was $65,000 and Theresa's annual income was $18,000.

rather than unemployment benefits. The evidence established that his annual income was reduced from $65,000 to $42,428.40, and he had monthly expenses of $2,995.34. The evidence further indicated that Theresa, who was age 67 on the hearing date, was also retired and received $864 per month from Social Security and $1,000 in spousal support. Her monthly expenses were $1,633.06.

{¶ 5} The magistrate issued a decision in May 2018 finding Stephen in contempt for failing to pay spousal support. Stephen was sentenced to five days in jail, but was given the opportunity to purge the contempt by paying Theresa the sum of $500 within 60 days. The magistrate also found that Stephen had experienced a substantial change in circumstances, making it appropriate to reduce his support obligation to $750 per month. Stephen was ordered to pay an additional $150 per month on the support arrearage. The reduction in spousal support was made retroactive to January 1, 2018.

{¶ 6} Stephen filed objections in which he claimed that the magistrate had failed to consider the relevant statutory factors set forth in R.C. 3105.18(C), and that these factors supported a termination of his spousal support obligation. He further claimed that the reduction in spousal support should have been ordered retroactive to the date his employment was terminated.

{¶ 7} The trial court affirmed the magistrate's decision regarding the reduction in spousal support, but changed the order's effective date to January 5, 2018, the date Stephen's motion was filed. The trial court also affirmed the finding of contempt.

{¶ 8} Stephen appeals.

## II. Spousal Support Modification

{¶ 9} Stephen's first assignment of error provides:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT SUSTAIN DEFENDANT-APPELLANT'S OBJECTION THAT THE MAGISTRATE FAILED TO ENUMERATE WHAT, IF ANY, STATUTORY FACTORS IT RELIED ON WHEN MAKING ITS DECISION TO MODIFY SPOUSAL SUPPORT.

{¶ 10} Stephen contends that the decision ordering him to pay $750 per month in spousal support must be reversed because the magistrate did not set forth whether, or to what extent, it considered any of the statutory factors relevant to awards of spousal support.   In support, he cites *Norbut v. Norbut*, 2d Dist. Greene 2004-CA-87, 2006-Ohio-2130, as requiring a magistrate to specify the factors upon which he or she relied in determining the issue of spousal support.

{¶ 11} Spousal support decisions are reviewed for abuse of discretion.   *Norbut* at ¶ 27.   An abuse of discretion occurs when a court's attitude is unreasonable, arbitrary, or unconscionable.   *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).   Before a trial court may modify a spousal support award, the trial court must determine that the divorce decree contained a provision specifically authorizing such modification and that the circumstances of either party have changed.   *Strain v. Strain*, 12th Dist. Warren No. CA2005-01-008, 2005-Ohio-6035, ¶ 11; R.C. 3105.18(E).   As noted above, in this case, the trial court retained jurisdiction over both the amount and duration of spousal support.   Further, there is no question that both parties have had a change in circumstances since the original decree.

{¶ 12} However, "[a] showing of a change in circumstances does not fully answer

the question whether that change merits a termination or modification of the existing support order. In order to make that determination, a trial court must consider all relevant factors, including those listed in R.C. 3105.18." *Norbut* at ¶ 30, citing *Bingham v. Bingham*, 9 Ohio App.3d 191, 459 N.E.2d 231 (10th Dist.1983), paragraph two of the syllabus. R.C. 3105.18 provides, in pertinent part, as follows:

> In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
>
> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;
>
> (i) The relative assets and liabilities of the parties, including but not limited

to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1).

{¶ 13} The trial court stated that it had reviewed the relevant statutory factors and found that the magistrate's decision regarding the amount of spousal support was appropriate. Specifically, the trial court cited to R.C. 3105.18(C)(1)(a), (b), (c), (d) and (i). The trial court noted the parties' incomes, observing that even with the income reduction, Stephen's annual income was almost four times greater than Theresa's (without spousal support). The trial court also noted that both parties were in their late 60s and that both were retired with no future earnings to consider. The court further noted that, while Stephen was drawing upon his retirement benefits, Theresa could not draw on her portion thereof until she reached age 70.

{¶ 14} Given the evidence adduced during the hearing, we conclude that there was competent, credible evidence upon which the trial court could have relied in making its modification decision. Further, we cannot say that the trial court abused its discretion by ordering Stephen to continue to pay spousal support at this time. The trial court, again, stated that it will retain jurisdiction over the issue of spousal support, thereby allowing both parties to seek future modifications.

{¶ 15} We turn now to Stephen's claim that *Norbut,* 2d Dist. Greene No. 2004-CA-87, 2006-Ohio-2130, requires a reversal of the judgment herein. His argument is premised upon the following passage from that opinion:

> In this case, the magistrate and the trial court found that the above-cited changes in circumstances were sufficient to require a modification, but not a termination, of support. At first blush, it would appear that this determination is sound. However, there is nothing in either the magistrate's decision or the trial court's decision to indicate what factors, if any, other than the noted change in circumstances, were considered. Indeed, it appears that the decision to modify support was based solely upon a finding that there was a showing of changed circumstances, without regard to any other factors. Because the record suggests that the trial court failed to consider the relevant statutory factors, we conclude that the trial court abused its discretion with regard to its resolution of the motion to modify or terminate the existing support award. * * *

*Id.* at ¶ 31.

{¶ 16} *Norbut* does not support Stephen's argument. *Norbut* stands for the

proposition that, when there has been a change in circumstances that could support a spousal support modification, the court, before ordering such modification, must consider the R.C. 3105.18(C) factors. The reversal in *Norbut* occurred because the record failed to establish such consideration.

{¶ 17} Here it is difficult to determine whether the magistrate, upon finding a change in circumstances, then considered the R.C. 3105.18(C) factors. However, the trial court, as part of its independent review, noted its consideration of the statutory factors and, as discussed, made specific findings regarding several relevant R.C. 3105.18(C) factors. As such, Stephen's first assignment of error is without merit and is overruled.

### III. Effective Date of Modification

{¶ 18} The second assignment of error asserted by Stephen states as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT ORDER THE EFFECTIVE DATE OF DEFENDANT-APPELLANT'S MODIFICATION OF SPOUSAL SUPPORT AS OF THE DATE HIS EMPLOYMENT WAS TERMINATED.

{¶ 19} Stephen contends the trial court erred regarding the effective date of the modification of his spousal support obligation. Specifically, he claims that the modification should have been retroactive to the date he retired rather than the date he filed the motion to modify. In support, he argues that his involuntary termination from his employment constituted a special circumstance mandating such a result. However, he cites no statutory or case law in support of his argument.

{¶ 20} This court has previously stated that, with some exceptions not relevant

hereto, a party "may be entitled to [an] order[ ] modifying support retroactive to the date [the] motion[ was] filed, but [is] not entitled to retroactive modification to a date before the request[ ] for modification or termination [was] filed." *Devir v. Devir*, 2d Dist. Montgomery No. 23509, 2010-Ohio-3111, ¶ 74; *Raska v. Raska*, 2018-Ohio-3921, 120 N.E.3d 469, ¶ 28 (2d Dist.).

**{¶ 21}** Simply stated, Stephen could have filed his motion for modification at the time of the change in his employment. However, he waited three months to file the request. Given our holdings in *Devir* and *Raska*, we conclude the trial court did not abuse its discretion by making the modification retroactive to the date Stephen filed the motion.

**{¶ 22}** The second assignment of error is overruled.

## IV.    Conclusion

**{¶ 23}** Both of Stephen's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Matthew C. Sorg
David M. McNamee
Hon. Denise L. Cross